Kyle Schneberg (SBN: 239325)
Schneberg Law PC
2916 W. 164th St.
Torrance, CA 90504
Tel: 310-359-9090
service@schneberglaw.com

James Tam, Esq. (SBN: 089453)
james.tam@tamlaw.org
Law Office of James Tam
1536 W. 25th St., #439
San Pedro, CA 90732
Tel: (626) 288-9922

Attorneys for Plaintiff Betty Chu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY KUEI MEI CHU,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE (Federal Tort Claims Act 28 U.S.C. §§ 1346 (b), 2671 et seq.)** |

COMES NOW PLAINTIFF BETTY KUEI MEI CHU, complaining of Defendants, alleges as follows:

## I.

## JURISDICTION

1.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. Jurisdiction is founded on 28 U.S.C. §§1346(b).

## II.

## VENUE

2.     Venue is proper in the Central District of California.  The motor vehicle accident giving rise to this complaint occurred at the intersection of Hawthorne Blvd. and Edding Hill Drive, in Rancho Palos Verdes, CA, which is within the present judicial district.  Plaintiff also resides within this judicial district.

## III.

## PARTIES

3.     Plaintiff Betty Kuei Mei Chu (hereafter "Chu") is and at all relevant times was a resident of Los Angeles County, California.

4.     At all times relevant herein, the Defendant United States of America is a government entity.  The United States Postal Service was and is an agency of the United States of America.

## IV.

## COMMON ALLEGATIONS

5.     On or about September 19, 2023, Plaintiff Chu, who was approximately sixty-three years old, was struck by a vehicle operated by an employee of the United States Postal Service while the driver was in the course and scope of duty for the United States Postal Service. Chu, a pedestrian, had right of way and was crossing Hawthorne Boulevard within a crosswalk when she was struck by the postal service vehicle. Immediately prior to colliding with Chu in the crosswalk, the driver of the postal service vehicle made a right turn from Edding Hill Drive onto Hawthorne Boulevard On information and belief, the vehicle was operated at the time by United States Postal Service employee Stephen Andrew Nizetich.

6.     On said date, the driver of the United States Postal Service vehicle, drove carelessly, negligently and with extreme recklessness, including,  but not limited to, failing to

obey traffic laws, failing to observe a pedestrian in a crosswalk, and failing to yield to a pedestrian in a crosswalk.

7.      On November 14, 2023, Chu submitted her claim with the stated amount of $100,860.00 to the United States Postal Office.  On July 9, 2025, Chu's claim was denied in writing and sent by certified mail.  In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), Chu has 6 months from July 9, 2025, to file suit.

## V.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE – MOTOR VEHICLE

8.      Plaintiff incorporates paragraphs 1 through 7, as if fully set forth herein.

9.      On or about September 19, 2023 a United States of America, United States Postal Service vehicle was operated by a United States of America agent or employee, Stephen Andrew Nizetich, as he was in the course and scope of his employment with Defendants United States of America, United States Postal Service.

10.     The United States of America, United States Postal Service employee was driving negligently and carelessly, including but not limited to making an unsafe right turn into a Chu who had the right of way.

11.     The United States of America, United States Postal Service and its agents and employee acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and drove the Post Office vehicle as to proximately cause the same to collide against the Plaintiff Chu, thereby proximately causing the injuries and damages specified within this complaint.

12.     The United States of America, United States Postal Service employee, Stephen Andrew Nizetich, was also negligent in failing to ensure that there were no pedestrians within the crosswalk before entering the crosswalk.  Said Defendant knew or should have known that it was necessary to observe that no pedestrians were in the crosswalk before the driver attempted to

drive through the crosswalk, and that failing to take said precaution would be unsafe, all of which negligence, carelessness and recklessness constituted the proximate cause of him striking the Plaintiff.

13.     As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff was injured about his body and its members and was rendered sick, sore, lame and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. As a result of said injuries, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

14.     As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Chu suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent.  As a proximate result of said injuries and damages, Chu has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

15.     By reason of said injuries, Chu has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to her further damage.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief, jointly and severally against all defendants;

1.     For damages for injuries sustained due to the negligence of the United States of America; United States Postal Service and employees, including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, mental anguish, and all other appropriate damages resulting from his injuries in the sum of $108,860.00 as well as an increased amount to be determined at trial based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency;

2.     Costs of suit necessarily incurred herein; and

3.     Such further relief as the Court deems just or proper

COMPLAINT
- 4 -

December 29, 2025                    SCHNEBERG LAW PC

                                     _____

                                     Kyle Schneberg, Esq.
                                     Attorney for Plaintiff Betty Kuei Mei Chu